UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60236-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANGEL RAMIRO ADUEN-FERNANDEZ,

    Defendant.
_____/



FILED by _____ D.C.

JUL 19 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Reference (DE 75) from U.S. District Judge Daniel T. K. Hurley referring the Defendant's Pro Se Motion for Return of Property (DE 73), filed May 18, 2010. The Government responded (DE 79) on July 1, 2010. The Defendant has not replied, and the time to do so has passed. The matter is ripe for review.

## BACKGROUND

On September 19, 2007, the Defendant was detained at a shopping center parking lot that was under surveillance by FBI agents (DE 4). After a search of his vehicle turned up a bag containing heroin, he was arrested (Id.). On March 19, 2008, he entered a guilty plea to one count of conspiracy to possess with intent to distribute at least one kilogram of heroin, in violation of 18 U.S.C. § 846 (DE 61), and on June 16, 2008, he was sentenced to 41 months in prison (DE 71).

1

## PARTY CONTENTIONS

### The Defendant's Motion

The Defendant seeks the return of the following items, which he claims were seized incident to his arrest: (1) his Colombian identification card, (2) his Colombian driver's license, and (3) two Colombian MasterCard credit cards. He claims that the items were in his wallet when he was arrested. The Defendant contends that the items are not subject to forfeiture and bear no connection to his arrest or conviction, and he asks that they be returned to the person designated in his motion.

### The Government's Response

In response, the Government contends that, after a thorough evidence record and case file search, the property requested by the Defendant could not be located. The Government's review of the case file turned up a property return receipt showing that, on January 23, 2008, the FBI returned a brown shoulder bag to the Defendant's attorney. No other receipts were located. In support of its contentions, the Government submits (1) the January 2008 property return receipt, and (2) an affidavit by FBI Special Agent John Thomas.

## DISCUSSION

Under Federal Rule of Criminal Procedure 41(g),

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The Defendant is presumed to have a right to his property, "and the government must demonstrate that it has a legitimate reason to retain the property." U.S. v. Potes Ramirez, 260 F.3d

1310, 1314 (11th Cir. 2001). This is the guiding principle by which the Court must make its recommendation. This principle, however, relies on two factual predicates. First, the property in question, must, in fact, be the Defendant's. Second, the Government must have the property in question. In the present instance, the second predicate is absent.

The Government does not dispute that the identified property belongs to the Defendant. However, even assuming this to be true, the Court could not recommend that his motion be granted because the Government informs the Court that it does not possess the property. As proof, the Government submits a property return receipt dated January 23, 2008, stating that a "brown shoulder bag containing miscellaneous business cards and map" were returned to the Defendant, in care of his attorney, Philip Reizenstein (DE 79, Ex. 1). Mr. Reizenstien's signature appears on the receipt.

The Government also submits the affidavit of FBI Special Agent John Thomas (DE 79, Ex. 2). Agent Thomas explains his search for the identified property as follows. On May 21, 2010, he searched the evidence log and found no FBI Miami Field Office evidence records showing that the Defendant's wallet was in the FBI's possession. With the help of FBI Inventory Administrative Specialist Favio Veratudela, Agent Thomas also physically checked remaining evidence that could reasonable contain a wallet or the identified property. Nothing was found. An additional evidence log check querying the contributors of evidence in the investigation revealed no results for the Defendant. Other than the property return receipt dated January 23, 2008, no other receipts associated with the Defendant could be found. The case file has no record of the Defendant's wallet ever being seized. Agent Thomas concludes by stating that "no record of the wallet existed" and he "did not see a record of the Colombian identification card, the Colombian driver's license, or the two MasterCard credit cards" (Id. at ¶ 6).

The Defendant has not filed a reply or offered any evidence to refute the Government's proffer or the current location of the identified property. As the Court cannot compel the Government to return what it does not possess, U.S. v. White, 718 F.2d 260, 262 (8th Cir. 1983) (citing U.S. v. Prevatt, 414 F.2d 239 (5th Cir. 1969), supp. by 446 F.2d 905 (5th Cir. 1971)), the Court must recommend that the Defendant's motion be denied.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the District Court DENY the Defendant's Pro Se Motion for Return of Property (DE 73).

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable U.S. District Judge Daniel T. K. Hurley, within ten (10) days after being served with a copy. 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. U.S. v. Warren, 687 F.2d 347, 348 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 19 day of July, 2010.

_____
ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:
U.S. District Judge Daniel T. K. Hurley
AUSA Lothrop Morris
Angel Ramiro Aduen-Fernandez, *pro se*